# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE NATIONAL ASSOCIATION OF HOME BUILDERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:07cv0820 LJO DLB<br><br>ORDER GRANTING MOTION TO INTERVENE<br><br>(Document 7) |
| Plaintiff, | | |
| v. | | |
| THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION DISTRICT, et al., | | |
| Defendants. | | |

Environmental Defense and the Sierra Club ("Proposed Interveners") filed the instant motion to intervene in this action on August 7, 2007. The motion was heard on September 14, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Paul Cort appeared on behalf of Proposed Interveners. Paul Weiland appeared on behalf of Plaintiff, the National Association of Home Builders ("NAHB").

## BACKGROUND

NAHB filed the instant action for declaratory and injunctive relief on June 6, 2007, naming the San Joaquin Valley Unified Air Pollution District and the Governing Board of the San Joaquin Valley Unified Air Pollution District as Defendants (collectively the "District"). NAHB is a national trade association that represents more than 235,000 builder and associate members, including members in the San Joaquin Valley.

1

1   This action, brought under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, challenges the
2   District's promulgation of the Indirect Source Rule ("ISR"), which regulates NAHB members by
3   requiring them to mitigate emissions of particulate matter and nitrogen oxides caused by
4   residential construction projects (both construction emissions and operational emissions) and pay
5   a fee for any emissions that are not mitigated.  According to the Complaint, the District created
6   the ISR in an alleged attempt to reduce emissions of particulate matter 10 microns and smaller
7   ("PM10") and nitrogen oxides.  Mitigation requirements can be met through a combination of
8   on-site emission reduction measures such as wider sidewalks, street lighting, and shaded
9   pathways, and fee payments.  NAHB contends that these measures are unproven and that the fee
10  payments are disproportionate and will generate "millions of dollars in fees to be spent on
11  speculative emission reduction projects."  Complaint, at 2.  Since the ISR's effective date of
12  March 1, 2006, NAHB members have paid hundreds of thousands of dollars in fees.

13  NAHB generally argues that the ISR directly regulates mobile source emissions and non-
14  road vehicles and engines in violation of the Supremacy Clause and the Clean Air Act, and asks
15  that this Court declare the ISR invalid and unenforceable.  It further contends that the ISR
16  imposes an additional regulatory constraint on the ability of the home building industry to meet
17  the housing needs of the San Joaquin Valley.

18  According to NAHB, the Environmental Protection Agency ("EPA") is charged with
19  establishing and enforcing emissions control standards and requirements for motor vehicle
20  engines.  States are prohibited from regulating such sources, except under limited circumstances:

21  1. States cannot adopt or attempt to enforce any "standard relating to the control of
    emissions from new motor vehicles or new motor vehicle engines[.]" 42 U.S.C. §
22  7543(a).  EPA may grant a waiver after notice and opportunity for public hearing, and
    after the State finds that its standards will be at least as protective as Federal standards;
23

    2. States cannot adopt or attempt to enforce any "standard or other requirement relating
24  to . . . new engines which are used in construction equipment or vehicles or used in farm
    equipment or vehicles and which are smaller than 175 horsepower." 42 U.S.C. §
25  7543(e)(1);

26  3. For all other non-road vehicles, the EPA may authorize the State to adopt and enforce
    "standards and other requirements relating to the control of emissions from such vehicles
27  or engines," but only after notice and opportunity for public hearing and after the State
    finds that its standards will be at least as protective as Federal standards." 42 U.S.C. §
28  7543(e)(2)(A).

NAHB alleges the following causes of action: (1) Clean Air Act Preemption of Regulation of Construction Equipment, 42 U.S.C. § 7543(e)(1), in which it alleges that the District's adoption and enforcement of the ISR, which directly regulates emissions from non-road vehicles less than 175 horsepower, is expressly preempted under the Clean Air Act; (2) Clean Air Act Preemption of Regulation of Other Non-road Engines or Vehicles, 42 U.S.C. § 7543(e)(2), in which it alleges that the District, through the ISR, is attempting to enforce a standard relating to non-road vehicles without State authorization from the EPA; (3) Clean Air Act Preemption of Regulation of Motor Vehicles, 42 U.S.C. § 7543(a), in which it argues that the District, through the ISR, is attempting to enforce such a standard without a State waiver; (4) Clean Air Act Notice and Public Hearing Requirement, 42 U.S.C. § 7543(e)(2)(A), in which it alleges that it never received notice or an opportunity for public hearing as a precondition to any authorization that the State might receive as a prerequisite for adoption and enforcement of the ISR; and (5) Clean Air Act Notice and Public Hearing Requirement, 42 U.S.C. § 7543(b), in which it alleges that it never received notice and an opportunity for public hearing as a precondition to any waiver that the State might receive as a prerequisite for adoption and enforcement of the ISR.

NAHB seeks declaratory relief and preliminary and permanent injunctive relief.

The District filed its answer on July 3, 2007.

On August 7, 2007, Proposed Interveners filed the instant motion to intervene as Defendants, along with a proposed Answer.

NAHB opposed the motion on August 27, 2007.[1]

The District filed a notice of non-opposition on August 29, 2007.

NAHB filed its reply on September 5, 2007.

---

[1] NAHB does not oppose participation of Proposed Interveners as amicus curiae, but Proposed Interveners do not believe that amicus status would sufficiently protect their interests.

# DISCUSSION

A.    Legal Standard

Federal Rule of Civil Procedure 24 provides for intervention as of right and permissive intervention. Rule 24 provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Where, as here, no federal statute provides an unconditional right to intervene, Rule 24(a) provides for intervention as a matter of right. The Ninth Circuit has adopted a four part test for intervention "of right" under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. See Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997). The four part test is interpreted broadly in favor of intervention. Id.

If intervention is not otherwise a matter "of right," the Court may still allow intervention under Federal Rule of Civil Procedure 24(b)(2), which allows a third party to intervene in an action when its "claim or defense and the main action have a question of law or fact in common." The existence of a "common question" is liberally construed. Stallworth v. Monsanto Co., 558 F.2d 257, 265 (5th Cir.1977). If these conditions are met, the question of whether a party will be

4

allowed to intervene is within the sound discretion of the trial court. See Donnely v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir.1989) (quoting Securities and Exchange Comm'n v. Everest Management Corp., 475 F.2d 1236, 1240 (2d Cir.1972)) ("Rule 24(b) necessarily vests 'discretion in the district court to determine the fairest and most efficient method of handling a case....'"). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b). In addition, a court may consider other factors, including whether the movant's interests are adequately represented by existing parties and judicial economy concerns. Venegas, 867 F.2d at 530-31.

B. <u>Analysis</u>

Proposed Interveners argue that they should be allowed to intervene as of right, or in the alternative, that they meet the standard for permissive intervention. They explain that they are national non-profit corporations with a long history of involvement in the Valley's air quality and the District's ISR. Environmental Defense represents more than 1,800 Valley residents. In August 2004, it established a Central Valley air project through which it spearheaded a successful campaign for the ISR by educating the public, soliciting donations and meeting with District staff members to discuss the ISR. Similarly, the Sierra Club represents nearly 5,000 Valley residents. It has brought numerous lawsuits against developers that served as precedent for the ISR and has also been involved in the development and adoption of the ISR

NAHB does not dispute that Proposed Interveners have met the first three requirements to intervene as of right- that the motion is timely, that Proposed Interveners have a significant protectable interest in the ISR, and that Proposed Interveners' rights may be impaired as a result of this litigation. As to the fourth factor, NAHB argues that Proposed Interveners have not demonstrated that the District will not adequately represent their interests during the course of this litigation.

In determining whether a would-be intervener's interests will be adequately represented by an existing party, courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervener's arguments; (2) whether the present party is capable

and willing to make such arguments; and (3) whether the would-be intervener would offer any necessary elements to the proceedings that other parties would neglect. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 822-823 (9th Cir. 2001). The applicant bears the burden of demonstrating that the existing parties may not adequately represent its interest. Id., 823 (citing Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir.1983)). However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. Id. (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972)). In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the particular issues before the Court at the time of the motion. Sagebrush, 713 F.2d at 528.

Proposed Interveners argue that they are inadequately represented by the District. Although the Ninth Circuit has recognized a general presumption that the government will adequately represent the interests of the public at large, the presumption is overcome when there exists a "likelihood that the government will abandon or concede a potentially meritorious reading of the statute [at issue]." California ex rel. Lockyer v. U.S., 450 F.3d 436, 444 (9th Cir. 2006). For example, where the proposed interveners have "more narrow, parochial interests" than the parties, the burden is overcome. Id. at 445 (citing Forest Conservation Council v. United States Forest Service, 66 F.3d 1489, 1499 (9th Cir.1995)). "Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public." Forest Conservation Council, 66 F.3d at 1499 (internal citations omitted).

Proposed Interveners contend that their interests differ from those of the District. They argue that while their interests lie solely in the health of their members, the District's interest is in the administration of its legal obligations, an interest that is motivated by cost and political pressures. Proposed Interveners believe that because of this difference, it is likely that the District will not advance the same legal arguments. For example, Proposed Interveners suggest that the pressures on the District may lead it to avoid admitting or arguing that it has broad statutory authority to regulate the sources because such claims could open it to demands to adopt controls above and beyond those contained in the ISR.

1  The Court agrees. While Proposed Interveners and the District share a general interest in public health, the District has a much broader interest in balancing the need for regulations with economic considerations. California ex rel. Lockyer, 450 F.3d at 444. Given the District's multiple considerations, it is not likely that the District will "undoubtedly make all the intervener's arguments." Their interests are not coextensive and Proposed Interveners have met their burden of demonstrating that the representation of their interests by existing parties "may be" inadequate. Southwest Center for Biological Diversity, 268 F.3d at 822-823.

Additionally, given NAHB's assertion that the only issues before this Court are legal, i.e., whether the ISR is preempted by the Clean Air Act, it is unlikely that allowing Proposed Interveners to submit additional, nonduplicative briefing will result in a burden on NAHB or a delay in the action. While examination of the potential burden is not the sole issue before the Court, as a practical matter, it weighs in favor of conserving judicial resources by having all issues litigated at one time.

Finally, NAHB's request to limit Proposed Interveners' involvement to the remedial phase of this action is denied. Proposed Interveners have an interest in the substantive issues raised in the Complaint and will be allowed to intervene in an unlimited capacity.

Accordingly, based on the above, Proposed Interveners' motion to intervene is GRANTED and Proposed Interveners are permitted to intervene as Defendants in this action. The Clerk of the Court is DIRECTED TO FILE their answer, which was attached as Exhibit 8 to the motion to intervene.

IT IS SO ORDERED.

Dated:   **September 20, 2007**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE